IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ZENON CASAS IPINA,                        §
                                          §
        Plaintiff,                        §
                                          §
v.                                        §                    1:26-CV-1051-RP
                                          §
TODD BLANCHE, *in his official capacity as* §
*Acting Attorney General of the United States,* §
*et al.*,                                 §
                                          §
        Respondents.                      §

## **ORDER**

In this case, Respondents take the position that Petitioner Zenon Casas Ipina ("Petitioner") is not subject to mandatory detention but rather is subject to 8 U.S.C. § 1226(a) and has the right to a bond hearing. (Resp., Dkt. 5, at 1 ("Petitioner can seek a custody redetermination hearing before the immigration judge under 8 U.S.C. § 1226, he simply has not requested one.")). In light of this position, on May 5, 2026, the Court ordered Petitioner's counsel to "file a reply or amended petition, including an explanation of whether Petitioner's counsel has requested a bond hearing in the immigration court, on or before May 11, 2026." (Text order dated May 5, 2026).

Petitioner's counsel filed a reply on May 6, 2026, which states that "Respondents argued that Section 1225(b)(2) applied to Petitioner rather than 1226(a)" and argues that "aliens who have lived in the United States for a period of time in the interior of the border should be allowed opportunity for an individualized bond under 1226(a)." (Reply, Dkt. 6, at 5). However, this argument is belied by Respondents' response, which **also takes the position that § 1226(a) applies** and does *not* make the argument that Section § 1225(b)(2) applies.

1

Petitioner's counsel is ordered to comply with the Court's prior order and file a reply or amended petition, including an explanation of whether Petitioner's counsel has requested a bond hearing in the immigration court, **on or before May 11, 2026.**

In the future, Petitioner's counsel is urged to comply with this Court's orders for briefing carefully. Counsel must ensure they carefully review and respond to arguments made in the individual case presented, rather than presenting boilerplate arguments not responsive to the filings in this individual case.

**SIGNED** on May 7, 2026.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE