IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ZENON CASAS IPINA,

          Plaintiff,

v.

TODD BLANCHE, *in his official capacity as*
*Acting Attorney General of the United States,*
et al.,

          Respondents.

§
§
§
§
§
§
§
§
§
§
§
§

1:26-CV-1051-RP

## ORDER

Petitioner Zenon Casas Ipina ("Petitioner") filed the instant petition seeking release from immigration detention, arguing that the government treated him as being subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore deprived him of an opportunity to contest the lawfulness of his detention. (Pet., Dkt. 1, at 5). However, in this case, Respondents take the position that Petitioner is not subject to mandatory detention but rather is subject to 8 U.S.C. § 1226(a) and has the right to a bond hearing. (Resp., Dkt. 5, at 1 ("Petitioner can seek a custody redetermination hearing before the immigration judge under 8 U.S.C. § 1226, he simply has not requested one.")). In light of Respondents' position, on May 5, 2026, the Court ordered Petitioner's counsel to "file a reply or amended petition, including an explanation of whether Petitioner's counsel has requested a bond hearing in the immigration court, on or before May 11, 2026." (Text order dated May 5, 2026).

Petitioner's counsel filed a reply which stated that "Respondents argued that Section 1225(b)(2) applied to Petitioner rather than 1226(a)" and argued that "aliens who have lived in the United States for a period of time in the interior of the border should be allowed opportunity for an individualized bond under 1226(a)." (Reply, Dkt. 6, at 5). However, this argument is belied by Respondents' response, which also takes the position that § 1226(a) applies and does *not* make the

1

argument that Section § 1225(b)(2) applies. (Resp., Dkt. 5, at 1). Highlighting that fact, the Court again ordered Petitioner's counsel to file a reply addressing whether Petitioner has requested a bond hearing under § 1226(a). (Order, Dkt. 7). In response, Petitioner again pressed that "exhaustion would be futile" because "Respondents argue that the detention of Petitioner is mandatory, claiming no one, including the IJ, can review the detention issue." (Reply, Dkt. 8, at 4). Again, however, Respondents **do not take the position that Petitioner's detention is mandatory in this case**, as the government detailed in their Response, (Dkt. 5), and this Court has twice pointed out to Attorney Margie Lazo. (Text order dated May 5, 2026; Order, Dkt. 7).

Respondents argue that Petitioner has the right to a bond hearing under 8 U.S.C. § 1226(a). (Resp., Dkt. 5, at 1). Petitioner has not explained why he cannot pursue a bond hearing as suggested by Respondents or shown that such a hearing is futile. As such, the Court agrees with Respondents that Petitioner must exhaust that administrative remedy prior to raising this issue via a habeas petition. *Hinojosa v. Horn*, 896 F. 3d 305, 314 (5th Cir. 2018). Petitioner's petition must be denied without prejudice to refiling.

Additionally, the Court has already warned Attorney Lazo to comply with this Court's orders for briefing carefully, and that she must ensure to respond to arguments made in the individual case presented, rather than presenting boilerplate arguments not responsive to the filings in this individual case. (Order, Dkt. 7). Attorney Lazo is reminded of the requirements of Federal Rule of Civil Procedure 11: "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief" that "the claims, defenses, and other legal contentions are warranted by existing law" and the "factual contentions have evidentiary support." Attorney Lazo is warned that future instances, including in other cases before this Court, in which she does

not comply with her Rule 11 obligations to make truthful representations before the Court, may result in a sanctions hearing being ordered sua sponte by the Court.

**IT IS ORDERED** that Petitioner's Petition, (Dkt. 1), is **DENIED** without prejudice to refiling.

**SIGNED** on May 20, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE